## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| WILLARD H. SANDERS, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| QUALITY WHOLESALE BUILDING | ) | |
| PRODUCTS, INC. | ) | |
| | ) | Jury Trial Demanded |
| SERVE: | ) | |
| | ) | |
| 1107 Kinard Road | ) | |
| North Little Rock, AR 72117 | ) | |

### COMPLAINT

COMES NOW Plaintiff, Willard H. Sanders, a/k/a Howard Sanders, by and through his counsel, and for his cause of action against the defendant states and alleges as follows:

1. Hester Sanders was killed on April 25, 2019 in Crawford County, Missouri when she was struck by a Freightliner tractor pulling a flat trailer that was negligently operated by Matthew Krechel ("Krechel"), an employee of the defendant, Quality Wholesale Building Products ("Quality").  Krechel was operating under the motor carrier authority of Defendant, Quality.

2. At all relevant times, Plaintiff Howard Sanders and Hester Sanders were married and were citizens of the State of Missouri.

3. Plaintiff Howard Sanders has standing to bring a wrongful death action under R.S.Mo. § 537.080 as the surviving spouse of the Decedent, Hester Sanders. To date, no other action for the wrongful death of Hester Sanders has been commenced.

4.   Defendant Quality is a corporation domiciled in a state other than Missouri and can be served at 1107 Kinard Road, North Little Rock, Arkansas 72117.

5.   At all relevant times, Quality Wholesale Building Products, Inc. was a corporation doing business under Department of Transportation ("DOT") number 351622.

6.   Prior to April 2015, Quality Wholesale Building Products, Inc. hired Matthew Krechel as a driver for its lumber supply business and provided him with a commerical tractor-trailer to use for purposes of transporting goods under Quality's interstate operating authority.

7.   At the time of the wreck which killed Hester Sanders, Matthew Krechel was an employee of Quality and driving in the scope of that employment.

8.   Jurisdiction in this matter is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(c) and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

9.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

10.  At all relevant times, Matthew Krechel and Quality were subject to various United States and Missouri statutes pertaining to motor carrier safety, as well as regulations promulgated by the United States Department of Transportation, Federal Motor Carrier Safety Administration.

11. These federal safety regulations, found at 49 CFR §§ 301-399, are commonly referred to as the "Federal Motor Carrier Safety Regulations" (or "FMCSR") and are directly applicable to the facts of this case.

12. Quality was subject to these safety regulations at the time of the crash, and at all relevant times prior to the crash, pursuant to 49 CFR § 390.3(e).

13. The FMCSR hold that authorized motor carriers, including Quality Wholesale Building Products, Inc., are vicariously liable for the negligent acts of employees and independent contractors operating commercial vehicles in interstate commerce under the motor carrier's authority.

14. Hester Sanders death on April 25, 2019 was caused by the negligent acts and omissions of Quality Wholesale Building Products, Inc.  Prior to her death, Hester Sanders sustained pain and suffering, and, as a result of her death, Plaintiff and his children have suffered damages, including the loss of the services, society, support, consortium, love, companionship and advice of his wife and their mother.

15. Plaintiff demands a jury trial as to all issues of fact herein.

### April 25, 2019 Tractor-Trailer Crash

16. In the early afternoon hours of April 25, 2019, Defendant Matthew Krechel was driving a tractor and pulling a flatbed trailer carrying lumber northbound on Highway 19 in Crawford County, Missouri.  At that area the highway goes down a significant grade and turns.  The recommended speed limit changes in that area.  The northbound and southbound lanes of travel are separated by two parallel solid yellow center lines.

17. At that time, the roadway was wet due to rain.

18. The recommended speed for that area was thirty (30) miles per hour.  The defendant's driver would have passed that warning shortly before where he wrecked into plaintiff's decedent.

19. The entirety of the defendant's load was above to the front axles of the tractor with

no load over the center or the axles of the trailer.  This arrangement caused or tended to cause the trailer to slide under the circumstances then existing.

20. At that time, Krechel was traveling too fast for conditions, as he drove down the hill on Highway 19 to make the turn in the road.

21. Plaintiff's decedent was traveling southbound up the Highway 19 hill as defendant was maneuvering down the hill and around the curve.

22. Traveling higher than the recommended speed limit, with an improperly loaded trailer, on wet pavement, Quality's trailer fishtailed and crossed the center line crushing Hester Sander's Buick.

23. Hester Sanders became entrapped in her car as it came to rest off the roadway. She was taken by helicopter to Mercy Hospital in Creve Coeur, Missouri where she was later pronounced dead.  She experienced bodily injury and conscious pain and suffering prior to succumbing to her injuries.

## Defendants' Disregard for Safety Requirements to Which They Had Previously Agreed to Comply

24. On or before April 25, 2019, Quality Wholesale Building Products, Inc. and its employee displayed a disregard for a variety of federal safety rules which all professional truck drivers and interstate motor carriers are required to follow.

25. Before being allowed to operate as a commercial motor carrier, Quality Wholesale Building Products, Inc. was required to submit a MCS-150 to the Federal Motor Carrier Administration and obtain a USDOT number, thereby obtaining the privilege to operate commercial motor vehicles on the public roadways.

26. In exchange for obtaining this privilege, Defendant Quality Wholesale Building

4

Products, Inc. was required to make certain safety-related certifications and verifications. For example, Quality Wholesale Building Products, Inc. was required to  complete a "Safety Certification" as part of the Form OP-1 it submitted to the Federal Motor Carrier Safety Administration, on which Quality Wholesale Building Products, Inc. certified that it was subject to all pertinent portions of the U.S. DOT's Federal Motor Carrier Safety Regulations ("FMCSR") at 49 CDR, Chapter 3, Subchapter B (Parts 350-399).

27. In addition, as part of the "Safety Certification" on the Form OP-1, Defendant Quality Wholesale Building Products, Inc. was required to certify to the FMCSA that it had access to, and was familiar with, all applicable U.S. DOT regulations relating to the safe operation of commercial vehicles, and, moreover, that it would comply with those regulations.

28. Defendant, Quality Wholesale Building Products, Inc. specifically certified to the FMCSA that, at a minimum, Quality Wholesale Building Products, Inc.:

    a.  had in place a system and an individual responsible for ensuring overall compliance with FMCSRs;

    b.  had in place a driver safety training/orientation program;

    c.  was familiar with DOT regulations governing driver qualifications and had in place a system for overseeing driver qualification requirements;

    d.  could produce a copy of the FMCSRs; and

    e.  had in place policies and procedures consistent with USDOT regulations governing driving and operational safety of motor vehicles, including;

        1.  drivers' hours of service;

        2.  vehicle inspection;

      3.  vehicle repair; and

      4.  vehicle maintenance.

29. Upon information and belief, Defendant's employee, Matthew Krechel, did not complete an appropriate pre-trip inspection of the tractor or trailer prior to driving on April 25, 2019.  Had he done so, he would have known this tractor and trailer was not suitable for road use.

30. After the wreck, a commercial vehicle inspection of the 2006 Freightliner tractor-trailer by the Missouri State Highway Patrol revealed violations of a variety of safety rules put in place by the Federal Motor Carrier Safety Administration, including an improperly loaded trailer, inoperable head lamp, inoperable tail lamp and brake hosing that was cracked, broken or crimped and thereby restricting air flow.

31. At the time of the wreck, defendant's employee, Matthew Krechel, failed to exercise the highest degree of care by driving defendant's tractor-trailer carelessly and erratically, failing to observe the road ahead, having faulty wet brakes, driving at an excessive and unreasonable speed, and disregarding the actual and potential hazards then existing, including wet pavement on a downgrade while attempting to maneuver a sharp turn.

32. As professional commercial truck drivers, defendant and its employees had a duty to repair, inspect and maintain the tractor-trailer to ensure the safety of citizens on the roads, interstates and highway.

33. As professional commercial truck drivers, defendant and its employees had a duty to operate this tractor-trailer with the highest degree of care under the circumstances and in conformance with all ordinances, statutes and the common law so as to avoid causing

risk of injury to others, including the decedent.

34. Defendant, through Krechel, neglected to obey the duties, statutes, laws, regulations and ordinances imposed upon it as a result of its negligent and reckless actions.

35. The injuries and damages sustained by plaintiff and plaintiff's decedent were directly and proximately caused by defendant's negligence, including, but not limited to, the following negligent acts and/or omissions:

    a.  Negligently and recklessly failing to maintain his vehicle in his dedicated lane of travel, in violation of R.S. Mo. 304.015; and/or

    b.  Negligently and recklessly applying brakes to the vehicle in a manner so as to cause the flatbed trailer to leave the dedicated lane of travel; and/or

    c.  Negligently and recklessly failing to keep such lookout as a person of ordinary prudence would keep under the same or similar circumstances; and/or

    d.  Negligently and recklessly driving while distracted; and/or

    e.  Negligently and recklessly failing to be properly attentive; and/or

    f.  Negligently and recklessly failing to take appropriate evasive action; and/or

    g.  Negligently and recklessly failing to inspect its vehicle in a manner considerate of the safety and lives of the other persons lawfully on the road; and/or

    h.  Negligently and recklessly operating a vehicle at a speed greater than was reasonable, prudent and proper, having due regard for the conditions then existing, in violation of R.S. Mo. 304.012; and/or

    i.  Negligently and recklessly violating 49 CFR § 392.2; and/or

    j.  Negligently and recklessly failing to comply with all state and federal rules of the road; and/or

    k.  Negligently and recklessly operating a commercial motor vehicle in willful or wanton disregard for the safety of persons, including Plaintiff's Decedent; and/or

l.   Engaging in other acts of negligence or violations of law as may be disclosed through further discovery.

36. Each of these acts and omissions, singularly or in combination with others, constituted negligence, which directly and proximately caused the death of plaintiff's decedent and the damages experienced by her family, including but not limited to her lost services, society, support, consortium, love, companionship and advice.   Plaintiff has incurred the expense of her doctor, hospital and medical related charges.   Plaintiff incurred burial expense.   In addition, plaintiff's decedent experienced pain and mental anguish prior to her death.

WHEREFORE, Plaintiff, Howard Sanders prays, for judgment against defendant, Quality Wholesale Building Products, Inc., as follows:

A.      As to all claims, for judgment against defendant, in amounts to be proved at trial, such amounts *in excess* of the jurisdictional minimum limits of this court, to fully and fairly compensate plaintiff for all damages incurred or to be incurred by plaintiff as the direct and proximate result of the acts and omissions of defendants;

B.      For the opportunity to amend or modify the provisions of this Petition as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served.

C.      For expenses and costs of this action; and

D.      For such other and further relief as the court deems just and proper.

By:      /s/Lanny Darr
Lanny Darr      (#06205283)
Darr Law Offices, Ltd.
307 Henry Street, Suite 406

Alton, IL  62002
Phone:  (618) 208-6828
Fax:  (618) 433-8519
darr@darrfirm.com

Service by facsimile transmission
or via email will be accepted at the
stated facsimile and/or email
stated above.

9